UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

HENRY L. WALLER, JR.,

    Plaintiff,

  v.

MICHAEL P. RANDLE, JR., *et al.*,

    Defendants.

Case No. 10-cv-495-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Henry Waller's ("Waller") *pro se* Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2), Motion for Service of Process at Government Expense (Doc. 3), and Motion to Appoint Counsel (Doc. 6). The Court will address each in kind.

**I.  Motion to Proceed *in Forma Pauperis***

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1) (2006). In determining indigence, courts must remember that "a person need not be absolutely destitute in order to enjoy the benefit of § 1915." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980) (discussing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Even if a plaintiff is found to be indigent, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. § 1915(e)(2)(B)(i).

Here, the Court is not satisfied from Waller's affidavit that he is indigent. In said affidavit, Waller states that his current net income is $1,590.00 per month and that he has

$800.00 in a checking or savings account.  He also avers that his regular monthly expenses total $762.50, which includes $200.00 allotted for food.  This leaves Waller with $827.50 every month.  While the determination of indigence is by no means a bright-lined test, the Court is hesitant to label Waller — an individual who pockets more than half his net monthly pay after paying cost-of living expenses[1] — as indigent.  He can and should pay for most of the costs of this litigation.  Therefore, the Court **DENIES** Waller's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) **without prejudice** and **ORDERS** Waller to pay the $350.00 filing fee if he does not wish for this action to be dismissed.

II.     Motion for Service of Process at Government Expense

Waller's motion for service at the Government's expense is separate from his motion to proceed *in fomra pauperis*.  Nevertheless, the aforesaid standards and analysis apply with equal force in determining whether the Government should bear the cost of service of Waller's Complaint (Doc. 1).

While Waller has not shown that he is indigent to the extent that he should be allowed to proceed *in forma pauperis* throughout this litigation, the Court finds his limited net worth suggests assistance is needed if he is to achieve service of process.  *See Zaun*, 628 F.2d at 993. ("If a litigant cannot pay the full filing fee or other court expenses, but it would not be economically unfair for him to pay a portion of the costs, it should be within the court's authority to order payment of a portion of the expenses while waiving the remainder.").  Furthermore, the

---

[1]While it cannot be ignored that Waller has four outstanding credit cards carrying an average balance of $11,236.34, student loans with an outstanding balance of $15,600.00, back taxes owed in the amount of $6,000.00, and a car loan balance totaling $7,929.00 (paid through March 2011), Waller's affidavit does not indicate that he is making substantial monthly payments toward any of these liabilities.

Court does not find anything in the file to indicate that this action is frivolous or malicious. For this reason, the Court **GRANTS** Waller's Motion for Service of Process at Government Expense (Doc. 3).

If Waller wishes the United States Marshal Service to serve process in this case, the Court **DIRECTS** him to provide to the United States Marshal Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from Waller and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of the summons, complaint and this order upon Defendants in a manner consistent with Federal Rule of Civil Procedure 4, as directed by Waller.

### III. Motion to Appoint Counsel

Whether to appoint an attorney to represent an indigent civil litigant requires separate analysis that is within the sound discretion of the district court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. United States District Court*, 490 U.S. 296 (1989). The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. Members of the bar of this Court are obligated to accept appointments, provided an appointment is not made more than once during a 12-month period. S.D. Ill. L. R. 83.1(I).

In deciding the request for counsel, the Court should consider all relevant information with emphasis on the following factors:

(1) plaintiff's diligence in attempting to secure counsel;
(2) the apparent merit of plaintiff's claim;
(3) plaintiff's ability to investigate crucial facts;
(4) the extent to which the skill of an attorney is needed to ensure truthful exposure of the facts;
(5) plaintiff's ability to manage the litigation and present her case; and
(6) the complexity of the issues.

*Jackson*, 953 F.2d at 1071-73; *McNeil v. Lowney*, 831 F.2d 1368, 1371-72 (7th Cir. 1987); *see Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In essence, the Court must ask, "[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993); *accord Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005).

Here, again, Waller has not sufficiently demonstrated that he is indigent for purposes of proceeding *in forma pauperis*. This is largely, if not entirely, preclusive in determining whether counsel should be appointed. Further, upon cursory review, this case does not appear to be overly complex, and the Court sees no reason why Waller should not be able to investigate and obtain exposure of the relevant facts underlying this litigation, at least for the time being. For these reasons, the Court **DENIES** Waller's Motion to Appoint Counsel (Doc. 6) **without prejudice**.

**IT IS SO ORDERED.**
**DATED: July 29, 2010**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**