UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

HENRY L. WALLER, JR.,

    Plaintiff,

  v.

MICHAEL P. RANDLE, JR., *et al*.,

    Defendants.

Case No. 10-cv-495-JPG

### **MEMORANDUM AND ORDER**

    This matter comes before the Court on Plaintiff Henry Waller's ("Waller") *pro se* Motion for Reconsideration (Doc. 22). Specifically, Waller asks the Court to reconsider its Memorandum and Order (Doc. 7) of July 29, 2010, wherein the Court, *inter alia*, denied Waller's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2).

    A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1) (2006). In determining indigence, courts must remember that "a person need not be absolutely destitute in order to enjoy the benefit of § 1915." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980) (discussing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Even if a plaintiff is found to be indigent, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. § 1915(e)(2)(B)(i).

    Here, although the Court previously found that Waller was not indigent for purposes of proceeding *in forma pauperis*, his financial situation has since drastically changed. Specifically, Waller has gone from receiving $410.00 in unemployment benefits every week to no longer

1

receiving such benefits. Waller's liabilities now far outweigh income; as such, the Court hereby finds him indigent for purposes of its *in forma pauperis* analysis. Furthermore, the Court does not find anything in the file to indicate that this action is frivolous or malicious. Therefore, the Court **GRANTS** the instant motion (Doc. 22), whereby the Court **REVERSES** its Memorandum and Order (Doc. 7) of July 29, 2010, insofar as it denied Waller's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2). Waller shall be allowed to proceed without prepayment of fees and costs, and he need not pay the cost of achieving service of process of his Complaint (Doc. 1) on Defendants. However, Waller's payment of the $350.00 filing fee shall not be refunded. *See Goins v. Decaro*, 241 F.3d 260, 261(2d Cir. 2001) ("[A] refund claim . . . encounters the barrier of sovereign immunity, since the . . . funds have become the property of the United States."). The Court notes, however, that should it become apparent that the action is frivolous or malicious at any time in the future, it may dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

**IT IS SO ORDERED.**
**DATED: August 26, 2010**

                                                          s/ J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **DISTRICT JUDGE**